FOLLETT, J.
This action for a separation from bed and board on the ground of desertion was begun October 7, 1890. The desertion was not denied, but it was alleged in the ansgwer that it was justified by the ill treatment of the defendant by the plaintiff, which was also set .up as a counterclaim, and a separation was prayed for by him. September 8, 1871, the parties intermarried, and thereafter lived together as husband and wife until June 26, 1889, when the defendant abandoned the plaintiff, and has since refused to live with her. At the date (November 16,1892) of the entry of the judgment herein the parties had four living children: Jessie M., born June 18, 1872, who will become of full age June 13, 1893; Edward <x., born October 11, 1874, who will become of full age October 11, 1895; Florence E., born October 7, 1876, who will become of full age October 7, 1897; and Adel A., born September 3, 1882, who will become of full age September 3,1903. By the judgment the custody of the son, Edward G-., was, at his request, awarded to the defendant, but the custody of the three daughters was awarded to the plaintiff, with $150 per month alimony for the support of herself and daughters, without costs to either party.
It is alleged in the complaint, and not denied in the answer, “that at the time of the aforesaid marriage, the defendant was wholly without means; * * * that almost all of said property was acquired while the plaintiff and defendant lived together as man and wife in the state of Texas, and almost all of such property, consisting of lands and personalty and an interest in the business of J. H. Emerson & Co., in San Antonio, Texas, is situated in the state of Texas.” The court found that the defendant owned realty in San Antonio, Texas, which produces a net income of $2,396.89 per year; that he is one half owner of . the business of J. M. Emerson & Co., of San *685 Antonio, which. has since January 1, 1889, produced net annual profits of $2,178.76; that he owns a one-fourth interest in the firm of J. M. Emerson & Sons, of New York, the net profits of which have been since January 1, 1890, at the rate of $4,000 to $4,500 per year; that he is in receipt of a salary from J. M. Emerson & Sons of $100 per month when employed, which amounts to $900 per annum for the year preceding the entry of the judgment; thus making his annual income from $9,475.15 to $9,975.15. It was also found that the plaintiff had no property or means for supporting herself and daughters, or paying the costs of the litigation, except as derived from the defendant. The evidence in regard to the defendant’s property was given by himself, by one of his partners, and his agent. The undisputed evidence is that the eldest daughter is in bad health, and that the youngest has for several years been subject to epileptic fits, and requires constant medical attention. Between the date of the defendant’s desertion of the plaintiff and the trial he had furnished her and the three daughters with $122 per month, which the court found “wholly inadequate to properly support, maintain, feed, and clothe the plaintiff and the said three daughtérs, in view of the defendant’s station in life and financial circumstances, and to properly educate the said children.” The judgment should be modified by increasing the amount of the alimony to $200 per month from March 1, 1892, with leave to either party, in case of a change in the circumstances of either party, to hereafter apply for modification of this decree in respect to alimony; and, as so modified, affirmed, with costs.